## *Charles O'Brian *against* Michael Coskrey.

Where a testator has become surety for one by bond, and a recovery is afterwards had against his executor named as his administrator, who pays the debt, he may recover the same against the principal, without naming himself in his representative character.

INDEBITATUS ASSUMPSIT for money had and received, and money paid, laid out and expended, to the use of the defendant. Pleas, *non assumpsit* and payment.

It appeared that one Francis Coskrey had become security for the defendant in three bonds to William Richardson, wherein they were jointly and severally bound. The defendant having removed from Baltimore county in Maryland, into Franklin county, suits were brought on the bonds by Richardson against Charles O'Brian, as administrator of Francis Coskrey, in Baltimore county, returnable to February term, 1802, on which judgments were confessed by him on the 16th February 1802, and he afterwards discharged the same : and this suit was brought to recover the money so paid with interest.

The defendant produced the exemplification of the last will of the said Francis Coskrey, duly proved in Baltimore county on the 9th November 1799, whereby it appeared that Charles O'Brian was constituted the executor thereof. His counsel insisted, that the irregularity of the proceedings in the now plaintiff confessing a judgment as administrator, instead of pleading in abatement to the writ that he was executor, afforded evidence of collusion, of which he could not profit himself. But at any rate, this suit should have been brought in his representative and not in his individual character. The very case is put by Ld. Ch. Just. ELLENBOROUGH, in Ord v. Fenwick, executrix. 3 East 105, 109. Where the executrix·has been sued on the obligation of her testator, who had become surety for the defendant, whose debt she has been obliged to pay, the law will raise an implied promise by the defendant to her as executrix, to repay the money ; and in this character alone she can entitle herself to recover it.

The plaintiff's counsel answered, that whether there was fraud or not, in the recovery in Maryland, was a matter of fact to be determined by the jury. O'Brian was no more bound to take advantage of the formal defect in the process, than he would have been to have put in the plea of the statute of limitations to a just demand, the recovery whereof was barred by positive law. The case cited from East did not apply. There the question was, whether a count in assumpsit to the plaintiff as executrix, for money paid by her to the defendant's use, might be joined with another count upon promises made to the testator. It does not appear whether O'Brian paid these judg-

[O'Brian *v.* Coskrey.]

ments with *the effects of the testator, or with his own money. If he paid them with his money, a recovery in this action will not make it assets; and the naming of the plaintiff in his representative character would be mere surplusage.

BY THE COURT. We see no reason to doubt the justice of the plaintiff's demand.

If the case of Ord *v.* Fenwick furnished a legal objection to the plaintiff's recovery in the present form of action, it would seem, that he is without remedy; and the error or oversight of the attorney of Richardson would effect the loss of the debt. Should he bring his action as executor, the variance between this form of suit and the recovery in Baltimore, would be urged against him; and if he sued as administrator, he might be defeated by the production of the letters testamentary, which would shew that he was executor, and not administrator. But circumstanced as this case is, we think the suit may be supported: if the defendant's counsel should think otherwise, we will at any time seal a bill of exceptions.

The jury gave a verdict for the principal sum and interest, without leaving the court.

A motion for a new trial was afterwards made, and overruled by the court. A bill of exceptions was afterwards sealed, at the instance of the defendants' counsel.

Messrs. Dunlap and Clagget, *pro quer.*

Messrs. Hamilton and Orbison, *pro def.*

The argument of this case, afterwards, on the 31st March 1808, came on before the Supreme Court in Philadelphia, when after fully hearing Mr. J. Read of counsel, with the defendants below, TILGHMAN C. J. and BRACKENRIDGE J. affirmed the judgment of the Circuit Court, without hearing Mr. Meredith on the other side.

The chief justice observed, that even supposing the record of the judgment in Baltimore county not to be good evidence, which was denied, still it appears in evidence, that O'Brian was the executor of Francis Coskrey, and as such liable to pay the bond, in which his testator was surety for Michael Coskrey; and being so liable, he had paid it. This certainly shewed a good cause of action against the defendant below, who was the principal in the bond; and the plaintiff might name himself executor, or not, in the suit at his election.